UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ALAN MELZER,

       Plaintiff,

v.                                      Case No. 06-C-396

MICHAEL ASTRUE,
Commissioner of Social Security

       Defendant.

**ORDER**

Currently pending before the court is counsel's petition for attorney's fees pursuant to § 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), which petition was filed on November 13, 2009. In the petition, counsel for the plaintiff asks for an award of attorney's fees in the amount of $7,278.50 in accordance with the fee agreement entered into between counsel and the plaintiff. Counsel represented the plaintiff in a civil action before this court seeking judicial review of a decision by the Commissioner denying the plaintiff's claim for social security benefits. This court ultimately reversed the Commissioner's decision and remanded the case for further proceedings. After remanding the case, this court entered an order granting an attorney's fees award to the plaintiff in the amount of $4,362.00 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The plaintiff subsequently prevailed on remand when the administrative law judge issued a favorable decision awarding the plaintiff back benefits in the amount of $102,063.00.

As counsel states in his petition, § 206(b)(1) of the Social Security Act permits the court to "allow as part of its judgment a reasonable fee for [counsel's] representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of [the court's] judgment . . . ." 42 U.S.C. § 406(b)(1). In this instance, 25% of the amount of past-due benefits awarded to the plaintiff, to wit, $25,515.75, "was withheld for direct payment of an attorney fee by

the Social Security Administration." (Pl.'s Pet. at 1.) Of the $25,515.75 that was withheld, counsel states that "Regional Chief Administrative Law Judge Paul Lillios approved a fee in the amount of $18,237.25 for administrative work, leaving $7,278.50 to be requested for federal work." (*Id.* at 2.) Counsel further states that, in accordance with his fee agreement with the plaintiff as well as the provisions of § 206(b), an attorney's fees award of $7,278.50 is reasonable. (*Id.*) As for this court's October 27, 2006 order granting the plaintiff an attorney's fees award pursuant to the EAJA, counsel states that he will refund the $4,362.00 award to the plaintiff. (*Id.* at 4.)

The defendant has filed a brief in which he states that he has no objection to the petition. That said, before the court orders that judgment be entered in counsel's favor, I note that I initially had some doubt as to the appropriateness of awarding attorney's fees to counsel under both the EAJA and § 206(b)(1) of the Social Security Act for what appears to be the same work. Yet this court's review of the applicable case law supports the request for attorney's fees presented in counsel's petition. As one district court has stated, "Congress provided authority for awarding fees for the same work under 42 U.S.C. § 406 and the EAJA in the 1985 EAJA amendments, so long as the smaller fee is refunded to the client." *Ward v. Sullivan*, 758 F. Supp. 1312, 1315 (E.D. Mo. 1991); *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) ("[W]hen attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant.")

Additionally, I have reviewed the petition and I agree that an award of $7,278.50 in attorney's fees pursuant to § 206(b) of the Social Security Act is reasonable. As represented in an exhibit attached to the petition, counsel and the plaintiff entered into a 25% contingency fee agreement. In the course of his representation of the plaintiff, counsel assisted the plaintiff in recovering a six-figure past-due benefits award. Stated another way, counsel successfully represented the plaintiff both

2

before this court and before the ALJ. Additionally, counsel represents that he will refund the amount of the EAJA award to the plaintiff. Given the foregoing, I am satisfied that the amount currently sought by counsel is, within the context of the contingency fee agreement, reasonable. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) ("[T]he court should review the amount set by the agreement — so long as it stays within the 25% boundary set by Congress — for reasonableness."). I am also satisfied that the award is consistent with both the EAJA and § 206(b) of the Social Security Act. Such being the case, counsel's petition will be granted.

**NOW THEREFORE IT IS ORDERED** that counsel's petition for attorney's fees pursuant § 206(b) of the Social Security Act, 42 U.S.C. § 406(b)(1), be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the amount of $7,036.50 be and hereby is awarded to counsel for the plaintiff;

**IT IS FURTHER ORDERED** that, upon the receipt of the attorney's fee award of $7,036.50 pursuant to § 206(b) of the Social Security Act, counsel for the plaintiff is to immediately forward to the plaintiff the EAJA attorney's fee award of $4,362.00.

**SO ORDERED** this 6th day of April 2010, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge
